**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARY BURELL,

      Plaintiff,

vs.                                                Case No. 3:13-cv-877-J-99MMH-TEM

MARK JOSEPH ROSSANO,

      Defendant.
_____

**ORDER**

**THIS CAUSE** is before the Court on the parties' joint ore tenus motion to stay, made at the status hearing held in this case on December 9, 2013. On September 18, 2013, the parties filed an Agreed Motion to Stay (Doc. No. 11; Agreed Motion), in which they sought a stay of this action pending resolution of Plaintiff's administrative claim, filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. ("FTCA"). See generally Agreed Motion. Due to concerns regarding the Court's subject matter jurisdiction in light of Plaintiff's stated intention to pursue an FTCA action, the Court entered an Order on October 22, 2013, denying the Agreed Motion (Doc. No. 12; Order). In that same Order, the Court directed the parties to show cause why the Court should not enter an order dismissing the case without prejudice for lack of subject matter jurisdiction. See Order at 5. Defendant responded, requesting the Court dismiss the action in its entirety pending resolution of Plaintiff's administrative claim. See generally Defendant Mark Joseph Rossano's Response to Doc 12 Order on Agreed Motion to Stay (Doc. No. 13). However, Plaintiff responded, stating that the

Court did not lack subject matter jurisdiction because Plaintiff had yet to receive certification from the United States Attorney General that Defendant was acting within the course and scope of his employment at the time of the subject motor vehicle crash. See Plaintiff, Mary Burell's Response to Order on Agreed Motion to Stay at 2 (Doc. No. 15; Plaintiff's Response). As such, Plaintiff again requested that the instant action be stayed pending Attorney General certification or the elapse of six months. See Plaintiff's Response at 3.

Before a federal court can exercise jurisdiction over an FTCA suit, the plaintiff must first file a timely administrative claim with the appropriate agency, and then allow that claim to be denied, or for six months to elapse. Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) (citing 28 U.S.C. § 2675(a)). The Court has been advised that Plaintiff has filed a Standard Form 95 with the appropriate governmental agency. Following denial of her claim by the Attorney General or the elapse of six months, Plaintiff intends to file either a motion to substitute the United States of America as the named defendant or a motion to amend to add the United States as a defendant, and to pursue this action under the FTCA. At the hearing, the parties once again jointly moved to stay the action pending resolution of Plaintiff's administrative claim. Given that the Court presently has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), see generally Defendant Mark Joseph Rossano's Response to this Court's Order Dated July 25, 2013 (Doc 4) (Doc. No. 8), the Court finds that it has subject matter jurisdiction over this case, and thus may exercise its discretion to stay the action to allow Plaintiff to get the proper parties before the Court. Thus, the Court will grant the parties' motion to stay this action. Accordingly, it is hereby **ORDERED**:

1. The parties' joint ore tenus motion to stay is **GRANTED**.

2. This case is **STAYED** until **April 15, 2014**. On or before **April 15, 2014**, Plaintiff shall either file a notice advising the Court whether she intends to proceed with this action under the FTCA or a motion to substitute or add the United States as a party defendant.

**DONE AND ORDERED** in Jacksonville, Florida, this 17th day of December, 2013.

MARCIA MORALES HOWARD
United States District Judge

lc18

Copies to:

Counsel of Record